IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

THE PEOPLE OF THE STATE OF
NEW YORK,

                                              Civil Action No.
                                              1:14-CV-1581 (DNH/DEP)

    v.

ZACHARIAH W G LATNIE,

        Defendant-Petitioner.

---

APPEARANCES:                              OF COUNSEL:

FOR DEFENDANT-PETITIONER:

ZACHARIAH W G LATNIE, *Pro se*
2198 Central Ave.
Schenectady, NY 12304

FOR THE PEOPLE:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

    *Pro se* petitioner Zachariah W G Latnie has filed with this court a notice of removal, accompanied by a request for leave to proceed *in forma pauperis* ("IFP"), both of which have been forwarded to me for review. For the following reasons, petitioner's IFP application is denied, and I

recommend that his removal notice be dismissed.

I. <u>BACKGROUND</u>

Petitioner's notice of removal consists of two documents, both of which are difficult to decipher and contain nonsensical jargon typical of submissions by so-called "sovereign citizens."[1] *See generally* Dkt. Nos. 1, 1-1. Although it appears that petitioner seeks to remove a criminal action brought against him by the People of the State of New York in the Town of Colonie Justice Court, designated as Case No. 14080917, he has not attached any state court records to his notice, nor has he provided any

---

[1] According to the Second Circuit, "[t]he sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. The FBI has labeled the sovereign citizens a domestic terrorist group." *U.S. v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013). Although petitioner in this matter does not specifically identify himself as part of the sovereign citizen movement, the contents of his affidavit, submitted in conjunction with his notice of removal, reflect the principles to which the members of the group adhere. For example, petitioner, who identifies himself as "Secured Party/Authorized Representative" in the "Affidavit of Specific Negative Averment," states as follows:

> Until and unless Secured Party is presented with incontrovertible proof otherwise, Secured Party asserts for and on the record that the fictitious business name Tradesname-Trademark, i.e., ZACHARIAH WILLIAM GREGORY LATNIE and every derivative and orthographic variation of ZACHARIAH WILLIAM GREGORY LATNIE:
>     a. Is bankrupt;
>     b. May neither sue nor be sued;
>     c. Is neither a party capable of appearing in court nor a party bound by any contractual relationship with any Unidentified Entity.

Dkt. No. 1-1 at 5.

further information regarding that criminal prosecution. *Id.* Petitioner sets forth thirty-eight grounds for removal, none of which identify the underlying state court charges. Dkt. No. 1 at 3-4. By way of example, some of the grounds cited by petitioner include (1) "The UNITED STATES is operating in a chapter 11 reorganization bankruptcy," (2) "Prosecuting attorney DAVID SOARES is a US vessel operating in commerce," and (3) "Presiding Judge NORMAN MASSRY has acted without impartiality *ab initio* in the matter by participating in the franchise he officiates over." *Id.* at 3. Liberally construed, petitioner's documents seek removal of the undisclosed criminal action on the grounds that it involves (1) maritime and/or admiralty subject matter; (2) he has been, or is being, deprived of his Fifth of Sixth Amendment rights in state court; and (3) the judge presiding over the criminal matter has not recused himself. *See generally* Dkt. No. 1.

II. DISCUSSION

 A. Application for Leave to Proceed *In Forma Pauperis*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28

U.S.C. § 1915(a)(1).[2] In support of an IFP application, section 1915 requires that the plaintiff submit an affidavit that reflects all of the assets possessed by him. *Id.*

In this case, petitioner's IFP application is defective. Dkt. No. 2. It provides the court with no information regarding his assets, and recites only what the court perceives to be an inapplicable legal standard. *Id.* Without any meaningful information regarding petitioner's assets, the court cannot determine if he is qualified for IFP status. For this reason, petitioner's IFP application is denied.

    B.    <u>Sufficiency of Petitioner's Notice of Removal</u>

Even assuming petitioner can satisfy the requirements for IFP status or pays the requisite filing fee, his notice of removal is subject to dismissal. Only under limited circumstances may a state court criminal prosecution may be removed to federal court. 28 U.S.C. §§ 1442, 1442a, 1443. Section 1442 applies to criminal prosecutions that are commenced in state

---

[2] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

4

court against or directed to certain federal officers or agencies or military personnel. 28 U.S.C. §§ 1442, 1442a. Section 1443 permits removal of criminal prosecutions implicating a prescribed, narrow range of civil rights. 28 U.S.C. § 1443. *N.Y. v. El*, No. 12-CV-4091, 2012 WL 3861227, at *1 (E.D.N.Y. Sept. 4, 2012).

A state-court defendant seeking to remove a criminal prosecution pending against him to federal court is bound by the procedures set forth in 28 U.S.C. § 1455. Under that provision, the notice of removal must be filed in federal court no later than thirty days after the defendant is arraigned in state court "or at any time before trial, whichever is earlier," and must include all the grounds for removal. 28 U.S.C. § 1455(b)(1), (b)(2). The petition must "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1455(a). The district court must "make an order for summary remand" if it appears from the face of the notice that removal is not permitted. 28 U.S.C. § 1455(b)(4).

In this case, petitioner's notice of removal is defective for two reasons. First, the petitioner has not complied with any of the procedural requirements for removal under section 1455. The petitioner's notice does not include any state court records as required by section 1455(a), and,

5

consequently, the court is not able to determine whether the notice is timely under section 1455(b). *See generally* Dkt. No. 1.

Second, even liberally construed, the notice of removal does not cite any of the authorized, substantive grounds for removal of a criminal prosecution as provided for in 28 U.S.C. §§ 1442, 1442a, or 1443. With respect to section 1442, there is nothing in the petition that suggests the underlying criminal prosecution was "commenced in a State court . . . against or directed to . . . [t]he United States or any agency thereof or any officer of the United States or of any agency thereof[.]" 28 U.S.C. § 1442. Similarly, petitioner does not allege that the state criminal prosecution was commenced "against a member of the armed forces[.]" 28 U.S.C. § 1442a.

Turning to section 1443, that provision permits the removal of a criminal prosecution commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1); *N.Y. v. Best*, No. 14-CV-3634, 2014 WL 53305991, at *1 (E.D.N.Y. Oct. 15, 2014). The Supreme Court has established a two-part test for petitioners seeking to remove an action pursuant to section 1443(1). *Johnson v. Miss.*, 421 U.S. 213, 219 (1975); *Ga. v. Rachel*, 384 U.S. 780, 792, 803

(1966). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 792). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 42 U.S. at 219; *see also Rachel*, 384 U.S. at 792. A petitioner seeking to remove a criminal prosecution under section 1443(1) must also submit a petition that sets forth allegations suggesting that the petitioner "is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson*, 421 U.S. 219 (quoting 28 U.S.C. § 1443(1)). This requires that "the 'denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest " *Id.* (internal citations and quotation marks omitted).

In this case, the notice of removal does not reference any civil rights laws providing for racial equality. *See generally* Dkt. No. 1. To the extent the court understands the petitioner's allegations, he only generally alleges that he was, or is being, denied his rights under the Fifth and Sixth Amendments by the prosecuting attorney and/or presiding judge in state

court. *Id.* There is no indication that petitioner cannot raise any of the alleged constitutional violations in state court. *Id.* Accordingly, I find that the notice is substantively defective, as well.

Although section 1455 provides that a court "shall make an order for summary remand" where it is clear that removal is inappropriate, 28 U.S.C. § 1455, the court cannot remand a case that may not exist. Again, because petitioner has not provided the court with any identifying information regarding the underlying state criminal prosecution, the court is unable to return the case to the appropriate jurisdiction. For that reason, I recommend dismissal of the notice.

III.  SUMMARY AND RECOMMENDATION

Petitioner has submitted a notice of removal to federal court and an accompanying IFP application. The IFP application will be denied in light of the absence of any information regarding petitioner's assets. In addition, even assuming petitioner can satisfy the IFP requirements or pays the full filing fee, the notice is subject to dismissal on both procedural and substantive grounds.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is DENIED; and it is further

RECOMMENDED that the defendant-petitioner's notice of petition for removal (Dkt. No. 1) be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:   January 13, 2015
         Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge